IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOHN H. LOVELACE JR.**                                                           **PLAINTIFF**

v.                              **Case No. 4:21-cv-00614-KGB**

**S & D COFFEE AND TEA, INC.**[1]                                                **DEFENDANT**

**ORDER**

Before the Court is defendant S & D Coffee and Tea, Inc.'s ("S & D") motion to dismiss plaintiff's complaint (Dkt. No. 8). In his *pro se* complaint, plaintiff John Lovelace Jr. asserts claims of race discrimination under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and defamation under Arkansas law (Dkt. No. 2). In its motion to dismiss Mr. Lovelace's complaint, S & D argues that Mr. Lovelace's complaint is untimely and fails to state facts sufficient to state claims under Title VII or for defamation (Dkt. No. 8). Mr. Lovelace has not responded to the motion to dismiss and the time for doing so has passed. For the following reasons, the Court grants S & D's motion to dismiss (*Id.*).

**I.   Background**

The Court draws the following facts from Mr. Lovelace's complaint and the documents attached to or incorporated within the complaint, which are considered part of the pleadings and may be considered by the Court "for all purposes," including to determine whether Mr. Lovelace has stated a plausible claim. *See* Fed. R. Civ. P. 10(c); *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459-60 (8th Cir. 2010); *M.M. Silta v. Cleveland Cliffs, Inc.,* 616 F.3d 872, 876 (8th

---

[1] The Clerk of the Court is instructed to correct the docket to reflect that the defendant's proper name is S & D Coffee and Tea, Inc. (Dkt. No. 8, at 1).

Cir. 2010); *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.,* 406 F.3d 1052, 1063 n.3 (8th Cir. 2005).

Mr. Lovelace asserts that S & D discriminated against him because of his race and color when it terminated his employment on September 25, 2020 (Dkt. No. 2, ¶¶ 5, 8). Mr. Lovelace contends that on the date he was terminated Ryan Ciak called him and told him that he was late on the "first day and on another occasion." (Dkt. No. 2, at 3). Mr. Lovelace contends that Mr. Ciak told him to "go to lunch at 12:20 and take an hour. [Mr. Ciak] stated I was late for a meeting and getting back from lunch. I was not, but he terminated me any way." (*Id.* ¶ 9). Finally, Mr. Lovelace contends that, after he filed a Charge with the Equal Employment Opportunity Commission ("EEOC"), S & D "made up a new part saying I was sleeping on the job. This never happened." (*Id.*). In the papers he submits as a part of his complaint, Mr. Lovelace maintains that he was treated differently than a white employee by his supervisor; Mr. Lovelace maintains that he was terminated by that supervisor while nothing happened to the white employee (Dkt. No. 2, at 20).

Mr. Lovelace filed a charge with the EEOC on January 14, 2021, alleging race discrimination (*Id.*, ¶ 6). The EEOC issued a Notice of Right to Sue on April 8, 2021, which Mr. Lovelace received on April 8, 2021 (*Id.*, ¶ 7; at 4). Mr. Lovelace filed his complaint on July 8, 2021 (Dkt. No. 2).

## II.     Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Specific facts are not required; the complaint simply must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). However, the complaint must include enough factual information to

"provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Twombly*, 550 U.S. a 555-56; *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). A plaintiff's "obligation to provide the grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted). "[T]he complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. General Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999). "When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

### III.    Analysis

#### A.    Statute Of Limitations As To Title VII Claim

S & D maintains that Mr. Lovelace's complaint is filed untimely (Dkt. No. 9, at 3-4). A suit filed under Title VII must be brought within 90 days after the receipt of the Notice of Right to Sue issued by the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Williams v. Thomson*, Corp., 383 F.3d 789 (8th Cir. 2004); *Maeqdlin v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. 949*, 309 F.3d 1051 (8th Cir. 2002). The 90 day time limit begins to run on the day the Notice of Right to Sue letter is received. *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989). Because the statute of limitations is an affirmative defense that the defendant must plead and prove, under Federal Rule of Civil Procedure 8(c)(1), "untimeliness" generally will not provide a basis for a Rule 12(b)(6) dismissal. Fed. R. Civ. P. 8(c)(1). However, an action may be dismissed, as barred by the statute of limitations, where a plaintiff's own pleadings establish the defense. *McDaniel v. Kraft Glob. Foods*, 632 F. App'x 314, 315 (8th Cir. 2016) (concluding dismissal was proper where

plaintiff's own pleadings showed that she brought her lawsuit more than 90 days after receiving a right-to-sue notice from the EEOC and tolling of the limitations period was not warranted); *see also Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008)  (citing *Varner v. Peterson Farms*, 371 F.3d 1011, 1017-18 (8th Cir. 2004)).

Here, the 90 day limitations period began running on April 8, 2021, when Mr. Lovelace stated that he received the Notice of Right to Sue issued by the EEOC.  The time for filing suit expired 90 days later on July 7, 2021.  Mr. Lovelace filed his complaint a day late on July 8, 2021.

Although the 90-day limitations period is subject to equitable tolling in appropriate circumstances, courts have generally reserved the remedy of equitable tolling for situations in which the reasons for the delay were beyond the control of the plaintiff.  *See Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); *Heideman v. PFL, Inc.*, 904 F.2d 1262, 1266 (8th Cir. 1990) ("Equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his [or her] hands."), *cert. denied*, 498 U.S. 1026 (1991); *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989) (finding that equitable tolling was not appropriate when the plaintiff did not inform the EEOC of her new address).  Here, Mr. Lovelace has not responded to the motion to dismiss and has not alleged any circumstances that might justify equitable tolling of the limitations period.  Further, based on the record in this case, the Court is aware of no such circumstances.  Accordingly, the Court grants S & D's motion to dismiss Mr. Lovelace's Title VII claim because it was filed untimely.

      **B.**    **State Law Defamation Claim**

S & D asserts that Mr. Lovelace's complaint fails to state a claim for defamation under Arkansas law.   Because the Court has concluded that Mr. Lovelace's Title VII claim must be

dismissed, the Court declines to exercise supplemental jurisdiction over Mr. Lovelace's state law claim for defamation and dismisses that claim without prejudice. Under the supplemental jurisdiction statute, 28 U.S.C. § 1367, the Court may dismiss state law claims when all other claims over which it had original jurisdiction have been dismissed. 28 U.S.C. § 1367(a), (c)(3). The decision whether to exercise supplemental jurisdiction over the state law claim after dismissing every claim over which it had original jurisdiction is purely discretionary. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.,* 556 U.S. 635 (2009); *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011). Given the circumstances of this case, the Court dismisses without prejudice Mr. Lovelace's state law defamation claim.

Mr. Lovelace may opt to refile his defamation claim in state court within the period of limitations as amended by § 1367. 28 U.S.C. § 1367(d) ("[t]he period of limitations for any claim. . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."); *see also Artis v. District of Columbia*, 138 S.Ct. 594, 607-08 (2018) (clarifying that the 30-day period in § 1367(d) is not just a grace period but continues the stopped clock on the statute of limitations).

### IV.     Conclusion

The Court grants S & D's motion to dismiss Mr. Lovelace's complaint and dismisses with prejudice Mr. Lovelace's Title VII claim and dismisses without prejudice his state law defamation claim (Dkt. Nos. 2; 8).

So ordered this 30th day of August, 2022.

_____
Kristine G. Baker
United States District Judge